**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 10 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

COMMODITY FUTURES TRADING )
COMMISSION, )
) Case No. 03-CV-3577
)
Plaintiff, )
)
vs. )
)
INTERNATIONAL FOREIGN CURRENCY, )
INC., a New York corporation, D/B/A )
INTERNATIONAL FOREIGN CURRENCY )
EXCHANGE, and I.F.C. TRADING, INC.; )
THOMAS QUALLS, an individual; and )
MICHAEL KOURMOLIS, an individual, )
)
Defendants. )
)
)

## CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT MICHAEL KOURMOLIS

### I. BACKGROUND

On July 23, 2003, the Commodity Futures Trading Commission ("Commission") filed its Complaint against International Foreign Currency, Inc. ("IFC"), Thomas Qualls, and Michael Kourmolis ("Kourmolis") (collectively, the "Defendants"). On the same date, this Court entered an *Ex Parte* Statutory Restraining Order that, among other things, enjoined Defendants from violating Sections 4(a) and 4b(a)(2)(i) and (iii) of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 6(a) and 4b(a)(2)(i) and (iii) (2001), and Commission Regulation 1.1(b), 17 C.F.R. § 1.1(b) (2001). After denying Defendants' motions to dismiss, and after Defendants filed answers to the Commission's complaint, on or about June 8, 2005, this Court stayed this litigation at the request of the

United States Attorney's Office for the Eastern District of New York. That stay was lifted on November 14, 2008.

## II. CONSENT AND AGREEMENT

1. Solely to effect settlement of the matters alleged in the Complaint in this action without a trial on the merits or any further judicial proceedings or presentation of additional evidence, defendant Kourmolis:

   a. Consents to the entry of this Consent Order of Permanent Injunction and Other Equitable Relief ("Order").

   b. Affirms that he has read and agreed to this Order voluntarily and that no threat or promise has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order, other than as set forth specifically herein.

   c. Acknowledges service of the Summons and Complaint.

   d. Admits that this Court has jurisdiction over him and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006).

   e. Admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006).

   f. Waives:

      i. Any and all claims that he may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. §§ 148.1-30 (2008), relating to, or arising from, this action;

    ii. Any and all claims that he may possess under the Small Business Regulatory Enforcement Fairness Act, 1996 HR 3136, Pub. L. 104-121, §§ 231-232, 110 Stat. 862 (Mar. 29, 1996), as amended by Pub. L. No. 110-28, 121 Stat. 112 (2007), relating to or arising from this proceeding;

    iii. Any claim of double jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any relief; and

    iv. Any rights of appeal in this Action.

  2. By consenting to the entry of this Order, Kourmolis neither admits nor denies the allegations of the Complaint or the Findings of Fact and Conclusions of Law contained in this Order, except as to jurisdiction and venue, which he admits.

  3. Kourmolis does not consent to the use of this Order, or the findings of fact or conclusions of law in this Order, as the sole basis for any other proceeding brought by the Commission, other than a proceeding in bankruptcy relating to Kourmolis, a Commission registration proceeding relating to Kourmolis, or to enforce the terms of this Order. Solely with respect to any bankruptcy proceeding relating to Kourmolis, a Commission registration proceeding related to Kourmolis and any proceeding to enforce this Order, Kourmolis agrees that the allegations of the Complaint and all of the findings of fact and conclusions of law in this Order shall be taken as true and correct and be given preclusive effect, without further proof.

  4. Kourmolis agrees that neither he nor any of his agents, servants, employees, contractors or attorneys shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or contained in this Order

3

or creating, or tending to create, the impression that the Complaint or this Order is without a factual basis; provided, however, that nothing in this provision shall affect Kourmolis' (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the Commission is not a party. Kourmolis shall take all necessary steps to ensure that all of his agents, servants, employees, contractors and attorneys understand and comply with this agreement.

5.     Kourmolis consents to the continued jurisdiction of this Court in order to implement and carry out the terms of all orders and decrees that may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to assure compliance with the Order.

## III.   FINDINGS AND CONCLUSIONS

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Order and that there is no just reason for delay. The Court therefore directs, without presentation of additional evidence, the entry of findings of fact, conclusions of law, and a permanent injunction and ancillary equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), as set forth herein.

### A.     Findings of Fact

1.     From at least November 27, 2001 to July 2003, the Defendants solicited retail customers, via telephone calls, to trade foreign currency futures contracts. Defendants asked potential customers to open personal trading accounts at IFC for the purported purpose of speculating in foreign currency contracts.

2     In telephone solicitations, Kourmolis identified himself as a "Senior Account Executive" and as "Vice President of Accounts" for IFC.

4

3. In his solicitation of at least one customer, Kourmolis falsely told the customer that because of IFC's "large fund and our banks and institutions overseas," IFC had the ability to "maximize profit potential while also minimizing capital risk." Kourmolis also misleadingly represented in writing that customers would have personal accounts and that customer funds were insured by a bank for up to $25 million.

4. At least one customer commenced trading after being solicited by Kormoulis. This customer wired funds to IFC's account at Chase Manhattan Bank in Long Beach, New York.

5. After the customer sent funds to Chase Manhattan Bank, the customer thereafter received a "Confirmation Of Funds Transfer" on IFC's letterhead. The confirmation simply reflected the name of the account, which was the customer's name, the amount deposited by the customer, and the fact that it was a new account.

6. On or about the time the customer wired funds to Chase Manhattan Bank, IFC sent the customer account opening documents. In a document entitled "Terms and Conditions," IFC represented that:

> IFC shall open and maintain one or more accounts for the purpose of the client engaging in transactions through the facilities of IFC. All such accounts shall be managed by International Foreign Currency, Inc. ("IFC") or its designee. The only transactions executed for, or cleared in, the client's account(s) shall be those directed to IFC by IFC.

IFC's account opening documents did not disclose who the counter party to any purported foreign currency transactions might be. The only foreign currency investment firm mentioned was IFC.

7.  Thereafter, this customer received at least two monthly statements on IFC's letterhead. The account statements set forth what was purportedly the trade date, currency at issue, amount bought, purchase and sales price, and net gain or loss. The account statements did not identify any counterparty to the trades; the only foreign currency investment firm named was IFC.

8.  The customer's second statement reflected a net gain of more than 10% in a one-month time period. However, when the customer attempted to withdraw her money and close her account with IFC in January 2003, IFC ignored her requests, stopped communicating with her, and has not, to date, returned any of her funds.

9.  No funds appear to have been used for trading purposes. Account statements for the IFC account in which customer funds were deposited reflect that defendant Qualls used it as a personal bank account, using funds to pay for, among other things, cruises, restaurant charges, and Walmart purchases.

9.  The foreign currency contracts Defendants offered and sold were futures contracts. Defendants did not conduct their foreign currency futures transactions on or subject to the rules of a board of trade that had been designated or registered by the Commission as a contract market or derivatives transaction execution facility for such commodity. Defendants did not execute or consummate their contracts by or through a member of a contract market.

10.  Sections 2(c)(2)(B)(i) and (ii) of the Act, 7 U.S.C. § 2(c)(2)(B)(i) and (ii) (2006), provided that the Commission has jurisdiction over an agreement, contract or transaction in foreign currency that is a sale of a commodity for future delivery, as long as the contract is "offered to, or entered into with, a person that is not an eligible contract

6

participant" unless the counter-party, or person offering to be the counterparty is a regulated entity, as defined in the Commodity Futures Modernization Act.

11. Section 1a(12)(A)(xi) of the Act, 7 U.S.C. §1a(12)(A)(xi) (2006), defines an eligible contract participant, in relevant part, as an individual who has total assets in excess of: a) 10 million; or b) $5 million and who enters the transactions to manage the risk associated with an asset owned or a liability incurred, or reasonably likely to be owned or incurred. At least some of the foreign currency futures transactions alleged here were offered to or entered into with persons who are not eligible contract participants.

12. IFC was not a registered futures commission merchant or broker dealer in the United States, and neither IFC nor any other Defendant is a proper counterparty, to or legal intermediary for retail foreign currency transactions.

B. **Conclusions of Law**

1. This Court has jurisdiction over the subject matter of this action and all parties hereto pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), in that Kourmolis is found in, inhabits, or transacts business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3. This Court has personal jurisdiction over Kourmolis, who acknowledges service of the Complaint and consents to the Court's jurisdiction over him.

4. The Commission and Kourmolis have agreed to this Court's continuing jurisdiction over each of them for the purpose of enforcing the terms of this Order.

5. By the conduct described in Section III.A above, Kourmolis committed fraudulent acts with respect to illegal off-exchange transactions and thereby violated Sections 4(a) and 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. §§ 6(a) and 4b(a)(2)(i) and (iii) (2006), and Commission Regulation 1.1(b), 17 C.F.R. § 1.1(b) (2001).

## IV. ORDER OF PERMANENT INJUNCTION

**NOW THEREFORE, IT IS ORDERED THAT:**

1. Kourmolis is permanently restrained, enjoined and prohibited from directly or indirectly:

   a. offering to enter into, entering into, executing, confirming the execution of, or conducting business for the purpose of soliciting, accepting any order for, or otherwise dealing in any transaction in, or in connection with, a commodity for future delivery, where such transactions have not been conducted on or subject to the rules of a board of trade that has been designated or registered by the Commission as a contract market or derivatives transaction execution facility for such commodity, and such contracts have not been executed or consummated by or through a member of such contract market, in violation of Section 4(a) of the Act, 7 U.S.C. § 6(a) (2006);

   b. in or in connection with any account, agreement, contract or transaction in foreign currency that is subject to the Act (1) To cheat or defraud or attempt to cheat or defraud any person, (2) Willfully to make or cause to be made to any

person any false report or statement or cause to be entered for any person any false record, or (3) Willfully to deceive or attempt to deceive any person by any means whatsoever, in violation of Regulation 1.1(b), 17 C.F.R. § 1.1(b) (2008); and

    c.    in or in connection with any order to make, or the making of, any contract of sale of any commodity:

        A.    in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person, or

        B.    for any person for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of Section 5a(g) of the Act, that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market,

cheating or defrauding or attempting to cheat or defraud the other person; and/or willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for or, in the case of subparagraph (B) above, with the other person in violation of Section 4b(a) of the Act, as amended by The Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, § 13102, 122 Stat. 1651 (to be codified at 7 U.S.C. § 6b(a)).

    2.    Koumolis is permanently restrained, enjoined and prohibited, from engaging, directly or indirectly, in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4) (2006) ("commodity interest"), including, but not limited to, the following:

    a.    trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006);

9

   b. engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

   c. soliciting or accepting any funds from any person in connection with the purchase or sale of any commodity interest;

   d. entering into any commodity interest transactions for his own personal account, for any account in which he has a direct or indirect interest and/or having any commodity interests traded on his behalf;

   e. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2008), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2008); and

   f. engaging in any business activities related to commodity interest trading.

   4. The injunctive and other provisions of this Order shall be binding on Kourmolis, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Kourmolis, and upon any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in active concert or participation with Kourmolis.

V. **MISCELLANEOUS PROVISIONS**

### A.  EQUITABLE RELIEF PROVISIONS

The equitable relief provisions of this Order shall be binding upon Kourmolis and any person who is acting in the capacity of officer, agent, employee, servant or attorney of Kourmolis, and any person acting in active concert or participation with Kourmolis who receives actual notice of this Order by personal service or otherwise.

### B.  IT IS FURTHER ORDERED THAT:

1.  <u>ENTIRE AGREEMENT, AMENDMENTS AND SEVERABILITY</u>: This Order incorporates all of the terms and conditions of the settlement among the parties. Nothing shall serve to amend or modify this Order in any respect whatsoever, unless: (1) reduced to writing, (2) signed by all parties, and (3) approved by order of the Court. If any provision of this Order or the application of any provision or circumstance is held invalid, the remainder of this Order shall not be affected by the holding.

2.  <u>SUCCESSORS AND ASSIGNS</u>: This Order shall inure to the benefit of and be binding on the parties' successors, assigns, heirs, beneficiaries and administrators.

3.  <u>COUNTERPARTS</u>: This Order may be executed by the parties in counterparts and by facsimile.

4.  <u>COLLATERAL AGREEMENTS</u>: Kourmolis shall immediately notify the Commission if he makes any agreement with any investor/creditor obligating him to make payments outside of this Order. Kourmolis shall also provide immediate evidence to the Court and to the Commission of any payments made pursuant to such agreement.

5.  <u>JURISDICTION</u>: This Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order of Permanent Injunction and Other Equitable Relief.

**DONE AND ORDERED** at Brooklyn, New York, this 9th day of MARCH, 2009.

_____
UNITED STATES DISTRICT JUDGE   dli 11/6/09

Consented to and approved for entry by:

DEFENDANT:

_____
Michael Kourmolis

_____
Paul Thorpe, Esq.
Attorney for Defendant
Michael Kourmolis

SO ORDERED.
DATED: Brooklyn, NY
Nov. 6, 2009

S/DLI
_____
Dora L. Irizarry
U.S. District Judge

PLAINTIFF:

_____
Katherine M. Scovin
James H. Holl, III
U.S. Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st NW
Washington, DC 20581

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

COMMODITY FUTURES TRADING )
COMMISSION, )
 )
 ) Case No. 03-CV-3577
 )
Plaintiff, )
 )
 )
vs. )
 )
INTERNATIONAL FOREIGN )
CURRENCY, INC., a New York corporation, )
D/B/A INTERNATIONAL FOREIGN )
CURRENCY EXCHANGE, and I.F.C. )
TRADING, INC.; THOMAS QUALLS, an )
individual; and MICHAEL KOURMOLIS, )
an individual, )
 )
Defendants. )
 )
_____ )

## Certificate of Service

I hereby certify that, on this 20th day of October 2009, I caused a copy of the foregoing document, Consent Order of Permanent Injunction and Other Equitable Relief Against Defendant Michael Kourmolis, to be electronically filed with the Clerk of the Court through the CM/ECF system and by U.S. mail on counsel for the Defendant, Michael Kourmolis:

Rebore, Thorpe & Pisarello, P.C.
500 Bi-County Boulevard
Suite 214 N.
Farmingdale, NY 11735

Date: October 20, 2009          Respectfully submitted,

                                /s/ Katherine Scovin Driscoll
                                Katherine Scovin Driscoll

**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5320
Facsimile: (202) 418-5523

Division of
Enforcement

KATHERINE SCOVIN DRISCOLL
TRIAL ATTORNEY
(202) 418-5544 DIRECT
(202) 418-5538 FAX
kdriscoll@cftc.gov

Via Federal Express

October 20, 2009

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: <u>CFTC v. International Foreign Currency, Thomas Qualls and Michael Kourmolis</u>
Case No. 03-CV-3577

Dear Judge Irizarry:

     Enclosed for your consideration, please find a courtesy copy of a proposed Consent Order of Permanent Injunction and Other Equitable Relief Against Defendant Michael Kourmolis. This Consent Order, which has been executed by the CFTC, Mr. Kourmolis and counsel for Mr. Kourmolis, was filed electronically through the Court's CM/ECF system on October 20, 2009.

                                Sincerely,

                                Katherine Scovin Driscoll
                                Attorney for Plaintiff
                                U.S. Commodity Futures Trading Commission

cc: Paul W. Thorpe, Jr., Esq.